**Dated: October 07, 2008**
**The following is ORDERED:**



*Tom R. Cornish*
Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

NOT FOR PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In Re:

Mark Wayne Valentine,  Case No. 05-75687
Cynthia Claire Valentine,  Chapter 7

    Debtors.

## O R D E R

This matter came on for hearing before this Court on August 27, 2008, pursuant to the Motion of Physicians Liability Insurance Company ("PLICO") to File Declaratory Judgment Action and for Stay of McCurtain County District Court Garnishment Proceeding (Docket Entry 53), the Response of Tracey Moore, as Personal Representative of the Estate of David Wurtz ("Moore") (Docket Entry 59), Response of Karen Carden Walsh, Trustee ("Trustee") (Docket Entry 60), PLICO's Reply to Moore's and Trustee's Responses (Docket Entry 61), Moore's Sur-Reply (Docket Entry 63) and Trustee's Sur-Reply (Docket

Entry 64). Sarah Lee Parrish and Robert Naifeh, Jr. appeared as attorneys for PLICO. Glendall Nix and Jeremy Thurman appeared on behalf of Moore, and Karen Carden Walsh, Chapter 7 Trustee, appeared.

Moore filed a medical malpractice action against Debtor Mark Valentine on June 2, 2005, in McCurtain County District Court. That case was assigned to District Judge Willard Driesel. Debtors filed their Chapter 7 Petition in this Court on October 14, 2005 (Docket Entry 1). On February 10, 2006, this Court entered an order granting Moore relief from the automatic stay to continue her state court action against the Debtor (Docket Entry 45). PLICO was given notice of this order by Moore on February 10, 2006. The state court action proceeded to judgment, and is now in the post-judgment collection stage. Moore has filed a garnishment affidavit against PLICO's policy of insurance for Debtor Valentine. PLICO has filed an Answer denying liability under the insurance policy, and Moore has filed an objection to PLICO's Answer. The parties have represented to this Court that discovery proceedings regarding the garnishment issues are underway in the state court action.

PLICO objects to the Court considering the arguments of Moore in the matters before this Court on the grounds that she lacks standing since PLICO's motion involves a potential cause of action that she does not possess and would not be involved in. It cites *In re Southern Medical Arts Cos., Inc.*, 343 B.R. 258 (B.A.P. 10th Cir. 2006) as authority for its position that Moore should not be allowed to intervene because she will not be affected by the Court's decision herein, as she has "no distribution interest in the estate." *Id.* at 263. However, one of the BAP's considerations in that case regarding standing is whether the party seeking to intervene may be adversely affected by the matter under consideration in bankruptcy court. *Id.* Moore may be adversely affected if PLICO is

2

successful because her state court action will be stayed indefinitely. She will then be unable to pursue collection efforts against PLICO for the judgment she has against Debtor Valentine, at least until such time as the bankruptcy proceedings or proceedings initiated in another forum are resolved. Therefore, the Court declines to strike her pleadings in this matter.

PLICO requests permission from this Court to file a declaratory judgment action against the Trustee regarding a possible claim the bankruptcy estate may have against PLICO for breach of its duty of good faith and fair dealing owed to Debtor Mark Valentine. Such claims are commonly referred to as "bad faith" actions. The Trustee requests that this Court deny PLICO's request because the bankruptcy estate does not have the resources available to defend such an action, she may never decide to proceed with a bad faith claim against PLICO, and the state court is a more appropriate forum to address an issue of state law.

Parties do not ordinarily seek permission from courts to file a lawsuit, but since PLICO has asked for permission and the Trustee has provided ample reasons as to why she should not be forced to defend such an action at this time, the Court denies PLICO's request for permission to file a declaratory judgment action against the Trustee. The first element of a bad faith claim is to establish that the insured had coverage under the policy of insurance. *Badillo v. Mid Century Insurance Co.*, 121 P.3d 1080, 1093, 2005 OK 48, ¶ 25. Therefore, the initial inquiry that must be made in a declaratory judgment action that PLICO wishes to pursue is whether the Debtor, Mark Valentine, had insurance coverage under his insurance policy with PLICO. That same issue is now pending in the garnishment action in state court before Judge Driesel. Although PLICO withdrew its

3

Motion to Intervene in the state court action and therefore did not argue the coverage issue prior to the entry of judgment against Valentine, that issue is now squarely before the state court with the filing of Moore's garnishment affidavit against PLICO's policy of insurance for Debtor Valentine, and PLICO's denial of liability to Moore.

This Court views the state court as the more appropriate forum to address the issue of insurance coverage, and it sees no need to allow PLICO to file another action in another court to consider the same issue, thus duplicating the efforts already commenced in the state court. Significant proceedings are already underway in the state court action. The insurance coverage issue now pending in the garnishment action involves questions of state law, including specific state statutes, contract interpretation in light of state law, and a state-approved recapitalization plan for PLICO. Each of these issues are better left to the state court to decide. If, as Moore suggests, the issue of Debtor's insurance coverage involves an issue of first impression under Oklahoma law, it would be best for an Oklahoma state court to decide that issue rather than this Court or another court.

This Court further fails to see how the denial of PLICO's motion will defeat or impair its jurisdiction regarding the Trustee's possible bad faith claim. The issue of insurance coverage is critical to Moore so the Court has no doubt that she will vigorously argue in favor of coverage under Debtor's policy of insurance with PLICO. If the state court determines that insurance proceeds are available, then the Trustee may consider whether she should proceed with a cause of action against PLICO for bad faith. The issue of coverage is but the first of several elements that must be proven to prevail on a bad faith claim. *Badillo*, 121 at 1093, 2005 OK at ¶ 25. The state court will only be considering the initial issue of whether there is insurance coverage available to the garnishor, Moore, not

the remaining elements of a bad faith claim that the Trustee may have against PLICO. Should it be decided that there is coverage, then the Trustee can pursue her bad faith action against PLICO, if she chooses to do so. The Trustee may decide that there is insufficient proof of the remaining elements for a prima facie case of bad faith and decide not to pursue a bad faith claim.

The Court also declines to enter a stay of the garnishment action because there is no case or controversy pending in the Bankruptcy Court that may be directly impacted by, or in conflict with, the garnishment action pending before Judge Driesel in McCurtain County District Court. There is no reason for the Court to stay the action in McCurtain County District Court at this time. Further, in the interest of comity with state courts, out of respect for state law, and for the reasons outlined above, this Court declines to issue a stay of the garnishment action so that PLICO can proceed to have the coverage issue heard in some other forum.

While this Court does have power to stay certain actions in state courts pursuant to 11 U.S.C. § 105, a stay should only be entered where the state court proceeding threatens the integrity of the debtor's estate. A determination regarding the coverage issue will not adversely affect this bankruptcy estate nor conflict with this Court's jurisdiction. The state court action will only be addressing one element of a possible claim the estate may have. The outcome of that action will not have a direct impact on the Debtors' estate without another action being filed against PLICO, that is, a bad faith action filed by the Trustee against PLICO. *See, Celotex Corp. v. Edwards*, 514 U.S. 300, 308, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995); *In re W.R. Grace & Co.*, 366 B.R. 295 (Bankr. D. Del. 2007). Therefore, this Court sees no reason to interfere with that proceeding at this time.

5

IT IS THEREFORE ORDERED that PLICO's Motion to File Declaratory Judgment Action and for Stay of McCurtain County District Court Garnishment Proceeding is **denied**.

###